BENJAMIN MOORE, PLAINTIFF, v. ERNEST SCHULTZ, LEONARD SCHULTZ, GLADYS GRUENLER, MARION SCHULTZ, CATHERINE SCHULTZ, INDIVIDUALLY AND AS ADMINISTRATRIX OF FRANK SCHULTZ, DECEASED, AND FRED SCHULTZ & SONS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided February 29, 1952

Messrs. *Doughty & Dwyer,* attorneys for plaintiff.

Messrs. *Hein & Smith,* attorneys for defendants.

GRIMSHAW, J. S. C.   In this action the plaintiff seeks an adjudication of the rights of the respective parties under an agreement dated June 25, 1940, executed between Louisa Moore and Frank Schultz.   Under the terms of the agreement Schultz was granted the exclusive right to enter upon the lands of Moore

"to remove sand and gravel therefrom as the party of the second part sees fit, subject however to state laws, ordinances, and such removal is not to interfere with the lands and riparian rights of other property owners adjacent thereto.   Said privilege shall extend for a period of ten years from the date of this contract, with the option on the part of the second party to renew for a further period of ten years."

Then, following provisions for payment by the party of the second part for the sand and gravel removed and various other provisions which need not concern us, the contract provided that: "This contract cannot be assigned without the written consent of the party of the first part or her son, Benjamin Moore."

The facts are not in dispute.   Shortly after the execution of the agreement Schultz installed machinery on the premises and began removing sand and gravel.   Payments in accordance with the provisions of the contract were made to Louisa Moore until her death on November 2, 1941. Thereafter the payments were made to the plaintiff, who was Louisa Moore's sole devisee.

On June 27, 1949, Frank Schultz notified plaintiff of his intention to exercise the option to renew the contract for a further term of ten years.   Thereafter, Schultz continued operations until October 17, 1950, when he died intestate.

Frank Schultz left him surviving as next-of-kin and heirs-at-law the defendants, Catherine Schultz, his widow, and his children, Ernest Schultz, Leonard Schultz, Gladys Gruenler and Marion Schultz.   Catherine Schultz was appointed administratrix of his estate.

Since the death of Frank Schultz, the defendants Ernest Schultz and Leonard Schultz have continued the removal

of sand and gravel. They have done so, claiming that as next-of-kin and heirs-at-law of Frank Schultz and as agents of Catherine Schultz, his administratrix, they have succeeded to the rights of Frank Schultz under the contract of June 25, 1940.

Following the expiration on June 25, 1950, of the first ten-year term provided for in the contract, plaintiff disputed the right of Frank Schultz to continue the removal of sand and gravel. Plaintiff took no affirmative action, however, until after the death of Schultz. Then on November 18, 1950, he caused to be served on the defendants a written notice in which he disputed the defendants' right to remove any more sand and gravel and stated that "I hereby revoke any and all licenses through which you or any of you may have been, heretofore, permitted to enter upon said premises and to remove therefrom any or all of the materials to which reference is hereinbefore made."

Although the actual figures are in dispute, it is conceded that Schultz, following the execution of the agreement, expended considerable sums of money for equipment which was used in connection with the removal of sand and gravel. It is also conceded that Schultz enlarged his operations and installed additional machinery following protests by the plaintiff that the amount of sand and gravel removed was not great enough to insure him an adequate income.

Under the contract of June 25, 1940, Schultz received from Moore an exclusive right to remove sand and gravel from the Moore property during the term of the contract. He did not acquire any interest in the land itself. The right Schultz obtained was a license, a personal privilege. Ordinarily a license is revocable at the will of the licensor; by the death of either of the parties or where, as here, it affects land by a conveyance of the property. When, however, the licensee, relying upon the license, has made expenditures for the purpose of carrying the license into effect, equity regards it as a license coupled with an interest, and will prevent its revocation if such revocation would be

a fraud upon the licensee. *Silsby v. Trotter*, 29 *N. J. Eq.* 228 (*Ch.* 1878); *East Jersey Iron Co. v. Wright*, 32 *N. J. Eq.* 248 (*Ch.* 1880); *Morton v. Morton*, 47 *N. J. Eq.* 158 (*Ch.* 1890).

There can be no doubt that equity would have intervened had either Mrs. Moore or the plaintiff sought to revoke the license during the lifetime of Schultz. But should equity extend its protection to the administratrix and next-of-kin of Schultz? I think not. Had the parties intended that the right granted to Schultz could be exercised by others, they would have included such a provision in the contract. They did not do so. Instead, the privilege ran to Frank Schultz personally. And, in addition, there was included a provision against assignment without the written consent of Louisa Moore or her son, the plaintiff. The court will not make a new contract for the parties. They must stand upon their own agreement.

In my opinion the plaintiff is entitled to revoke the license and the defendants are entitled to remove the machinery and equipment from the property.

Judgment accordingly.